UNITED STATES of America, Plaintiff,

v.

Alfred VALDIVIESO RODRIGUEZ, et al., Defendants.

Criminal No. 07–032(JAG).

United States District Court, D. Puerto Rico.

Dec. 10, 2007.

Luis F. Camacho, Cayey, PR, Edgar R. Vega-Pabon, Vega Pabon, Rodriguez Encarnacion & Lopez Covas, Luis R. Rivera-Rodriguez, Luis Rafael Rivera Law Office, David Ramos-Pagan, Luis E. Palacios, Luis E. Palacios Law Office, Luis A. Plaza-Mariota, Ramon E. Dapena, Goldman Antonetti & Cordova, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Alfred Valdivieso Rodríguez's ("Defendant") Motion to Suppress Evidence. (Docket No. 205). For the reasons set forth below, the Court **DENIES** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In this case, a total of seven doctors, were charged in a forty one count Superseding Indictment for having participated in scheme to distribute drugs and dispense drugs through the internet to individuals with whom they lacked a doctor-patient relationship. The Superseding Indictment charges defendants with violations of Title 21, *United States Code*, Section 841(a)(1) and 846(a) conspiracy to distribute controlled substances and distribution of controlled substances; Title 18, *United States Code*, Section 1343 (wire fraud); Title 18, *United States Code*, Sections 1956(a)(1)(A)(I) and (h) (money laundering) and two forfeiture counts. One of the Government's main allegations, as stated in Count One of the indictment, is that Defendants violated the Controlled Substance Act ("CSA") by conspiring to distribute and possess with intent to distribute, outside the scope of professional practice and not for a legitimate medical purpose, Schedule III and IV controlled substances. (Docket No. 145).

On July 16, 2007, Defendant filed a Motion to Suppress, which was referred by this Court to Magistrate Judge Camille L. Velez–Rive for a Report and Recommendation. (Docket Nos. 205, 212). On August 9, 2007, the Magistrate Judge issued a Report and Recommendation where she determined that Defendant's Motion to Suppress Evidence should be denied. (Docket No. 235). Defendant objected to the Magistrate Judge's recommendation.

Defendant proffers one objection to the Report and Recommendation. According to Defendant, the Government failed to mention in its applications for the search warrants that the Puerto Rico Telemedicine Regulating Act, Law No. 227 of August 11, 1998, 20 L.P.R.A. § 6001 *et seq.* ("Telemedicine Law")permits the prescription of controlled substances through the internet by a medical doctor that relies on medical records submitted by the patients. Defendant alleges that this omission portrayed him as a drug dealer, who was illegally selling drugs through the internet. (Docket No. 247).

On July 13, 2007, Defendant filed a Motion to Dismiss the Superseding Indictment, (Docket No. 202), in which Defendant also argued that the Telemedicine Law authorized him to prescribe controlled substances to its internet customers. (Docket Nos. 202, 204). On July 26, 2007, the Government filed its responses to Defendant's Motion to Dismiss, (Docket Nos. 217, 221), and on August 23, 2007, Defendant filed his reply to response. (Docket No. 246). The Motion to Dismiss was subsequently referred by this Court to Magistrate Judge Camille L. Velez–Rive. (Docket Nos. 203, 219). The Magistrate Judge recommended that the Motion to Dismiss be denied.

Regarding Defendant's contention that the Telemedicine Law allowed him to prescribe controlled substances to their internet customers, Magistrate Judge Camille L. Velez–Rive determined in her Report and Recommendation that the Telemedicine Law only authorizes the practice of telemedicine when both the physician and the patient are physically located in the Commonwealth of Puerto Rico. According to the Magistrate Judge, Defendants acted outside the scope of professional practice and not for a legitimate medical purpose when they carried out their telemedicine practice in several States other than Puerto Rico without having the proper licenses to do so in those jurisdictions. Accordingly, the Magistrate Judge recommended that the Defendant's Motion to Dismiss be denied. (Docket No. 250).

On October 15, 2007, Defendants Alfred Valdivieso–Rodriguez and Maileen Lugo–Torres objected the Magistrate Judge's recommendations. (Docket Nos. 258, 259). On October 24, 2007, after a *de novo* review of the record, this Court issued an opinion and order denying Defendant's Motion to Dismiss. Specifically, this Court concluded that Defendant's allegation that it acted with a legitimate medical purpose when it prescribed controlled substances through the internet was an issue to be properly considered by the jury. As such, this Court held that whether Defendant acted with a legitimate medical purpose was not properly the subject of a motion to dismiss. (Docket No. 269).

Taking into consideration the above mentioned factual and procedural background, this Court will address Defendant's objection to the Magistrate Judge's Report and Recommendation. (Docket No. 235). Namely, that the Government's application for the search warrants should have mentioned that the Telemedicine Law

allowed Defendant to prescribe controlled substances through the internet.

## STANDARD OF REVIEW

1) *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate–Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate–Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003) (quoting 28 U.s.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails timely file objections, the district court can assume that they have agreed to the magistrate's recommendation. *Alamo Rodriguez*, 286 F.Supp.2d at 146 (quoting *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

## DISCUSSION

Defendant contends that the Government should have mentioned in its application for the search warrants that he acted in conformity with the Telemedicine Law, which allegedly allows physicians to provide prescriptions through the internet to

persons, who consent and submit their medical record. Said allegation is premised on the notion that Defendant acted with a legitimate medical purpose when he prescribed controlled substances through the internet.[1] As mentioned above, this issue has been attended by this Court. Whether Defendant acted with a legitimate medical purpose is an element of the offense,[2] which the Government must prove to the jury, and, therefore, is not properly the subject of a motion to dismiss or a motion to suppress evidence.[3]

Additionally, the Magistrate Judge determined in her Report and Recommendation, that the Government's warrant applications provided probable cause for the existence of the documents and records at Defendant's apartment. (See Docket No. 235). A warrant application must demonstrate probable cause. *United States v. Zayas–Diaz*, 95 F.3d 105, 110 (1st Cir. 1996). Probable cause to issue a search warrant exists when "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Reiner*, 500 F.3d 10, 15 (1st Cir.2007). "In determining the sufficiency of an affidavit supporting a search warrant, we consider whether the 'totality of the circumstances' stated in the affidavit demonstrates probable cause to search the premises." *United States v. Beckett*, 321 F.3d 26, 31 (1st Cir.2003).

In the case at bar, the Government's application was based on the statements made by a confidential informant, who described in great detail conversations he had with Defendant and documents that he saw in Defendant's apartment. In addition, the informant's account was corroborated by the surveillance and recordings

---

1. A medical practitioner has unlawfully distributed a controlled substance if she prescribes the substance either outside the usual course of medical practice or without a legitimate medical purpose. *United States v. Nelson*, 383 F.3d 1227, 1231–1232 (10th Cir. 2004) (citing 21 C.F.R. § 1306.04(a)) and *United States v. Moore*, 423 U.S. 122, 124, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975) ("Registered physicians can be prosecuted under § 841 when their activities fall outside the usual course of professional practice."). Thus, a physician is authorized to dispense controlled substances only if he acts with a legitimate medical purpose and in the usual course of professional practice. *Nelson*, 383 F.3d at 1233. Conversely, a practitioner would be unauthorized to dispense a controlled substance if he acts without a legitimate medical purpose or outside the usual course of professional practice. *Nelson*, 383 F.3d at 1233.

2. The Courts of Appeal have upheld convictions of physicians and pharmacists for distributing controlled substances over the internet. *United States v. Fuchs*, 467 F.3d 889 (5th Cir.2006); *United States v. Nelson*, 383 F.3d 1227, 1232 (10th Cir.2004). In prosecutions under § 841 involving distribution of drugs that have been prescribed by a licensed physician, the Government is required to prove three elements: (1) that the defendant distributed a controlled substance, (2) that he or she acted intentionally and (3) that he or she prescribed the drug without a legitimate medical purpose and outside the course of professional practice. *United States v. Feingold*, 454 F.3d 1001, 1006 (9th Cir.2006); *United States v. Johnson*, 71 F.3d 539, 542 (6th Cir.1995); *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1137 (4th Cir.1994); *United States v. Varma*, 691 F.2d 460, 462 (10th Cir.1982).

3. The issue of whether a physician's conduct exceeds the bounds of professional medical practice, rendering him criminally liable under § 841, is one for determination by a jury. *Moore*, 423 U.S. at 142, 96 S.Ct. 335; *United States v. DeBoer*, 966 F.2d 1066, 1069 (6th Cir.1992); *United States v. Rosenberg*, 515 F.2d 190, 199 (9th Cir.1975); *United States v. Hernández*, 2007 WL 2915856, 2007 U.S. Dist. LEXIS 74373 (D.Fla.2007). As such, this is an element of the offense which the Government must prove to the jury, and is not properly the subject of a motion to dismiss. *Id.*

obtained. Thus, this Court finds that under the totality of circumstances, the Government's warrant applications provided probable cause for the existence of the documents and records at Defendant's apartment. Moreover, this Court holds that the Government did not err in not including in their warrant application any statements that explained that the Telemedicine Law permitted Defendant's internet prescriptions. Including such a statement would entail that the Government agrees that Defendant acted with a legitimate medical purpose. As previously mentioned, said issue must be decided by the jury and is not the proper subject of a motion to suppress evidence.

### CONCLUSION

For the reasons discussed above, the Court hereby **ADOPTS** the Magistrate–Judge's Report and Recommendation, (Docket No. 235), and accordingly, **DENIES** Defendant's Motions to Suppress Evidence. (Docket No. 205).

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

Above defendant Alfred Valdivieso Rodríguez ("Valdivieso") has been charged, with six other co-defendants, in a forty one counts Superseding Indictment with violations of Title 21, *United States Code,* Sections 841(a)(1) and 846 (a conspiracy to distribute controlled substances and distribution of controlled substances); Title 18, *United States Code,* Section 1343 (wire fraud); Title 18, *United States Code,* Sections 1956(a)(1)(A)(I) and (h) (money laundering) and two forfeitures counts. The Superseding Indictment charges in total seven physicians, who were not licensed to practice medicine in any other jurisdiction but the Commonwealth of Puerto Rico, for having participated in a scheme to distribute drugs and dispense drugs through the internet to individuals with whom they lacked a doctor-patient relationship, in violation of federal regulations wherein prescriptions may only be issued for legitimate medical purposes.

Defendant Valdivieso filed a Motion to Suppress Evidence which was referred by the Court to the undersigned Magistrate Judge (**Docket Nos. 205, 212**).

Defendant Valdivieso has requested the dismissal of the above stated federal charges on claims that Section 841(a)(1), which sanctions distribution of controlled substances, is unconstitutional as applied to his conduct. Valdivieso submits, with more detail in his motion to dismiss [1], although generally discussed in this motion to suppress, that state law provisions to offer Telemedicine [2] would not allow individuals in his position to assert that a

---

1. Defendant Valdivieso also filed a Motion to Dismiss which raises issues closely intertwined to the issues raised in the Motion to Suppress (**Docket No. 226**). Co-defendants Juan A. Tosado–Polanco, Maileen Lugo Torres, and Norberto J. Seda Olmo have joined the Motion to Dismiss (**Docket No. 204, 206**). On July 26, 2007, the government filed its response to the motion to dismiss (**Docket Nos. 217, 221**). The motion to dismiss and related pleadings were also referred to this Magistrate Judge for disposition and, being of a dispositive nature, will be entertained by way of a separate report and recommendation (**Docket No. 219**) once the issue is submitted. Co-defendants Valdivieso and Lugo Torres requested and were granted time to oppose the government's response as to their motion to dismiss (**Docket Nos. 226, 229**).

2. Puerto Rico Telemedicine Law, Law No. 227 of August 11, 1998, as amended by Law No. 415 of October 9,

reading of Section 841 makes his conduct illegal.

Defendant Valdivieso also claims omissions in the sworn statements in support of the search warrants alleging they failed to establish probable cause for which evidence obtained should be suppressed. In essence, defendant Valdivieso avers the failure to include in the written affidavits in support of the search warrants that the defendants were licensed physicians with a valid federal license to issue controlled substances prescriptions within their medical practice and lack of any reference to the Puerto Rico Telemedicine Law, which allows and authorizes defendants to issue prescriptions through the internet, influenced the probable cause determination by the magistrate judge who approved the warrants. Thus, such an omission should allow for an evidentiary hearing to be conducted to elucidate suppression issues under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Additionally, defendant Valdivieso submits the evidence seized pursuant to the search warrants should be suppressed for being in violation of the Fourth Amendment.

The government filed its response to defendant's motion to suppress claiming the affidavits in support of the search warrants are to be reviewed as to their probable cause determination by the magistrate judges under the practical, common sense decisions and that all the circumstances in the affidavits established a fair probability that evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. White*, 766 F.2d 22, 25 (1st Cir. 1985). (**Docket No. 218**). The government also addresses in particular the warrants issued as to defendant Valdivieso's e-mail

account (*valdiviesomd@yahoo.com*) and for his apartment at 201–E, Patio Señorial Condominium, Ponce, Puerto Rico. The government avers the arguments raised by defendant are also subject of a motion to dismiss joined by several co-defendants on the grounds these defendants did not violate the Controlled Substance Act because they were duly licensed physicians. It further incorporates the response to the motion to dismiss regarding arguments related to the Puerto Rico Telemedicine Regulating Act (**Docket No. 217**). Further, the government contends no evidentiary hearing is required because the motion to suppress raises solely legal arguments and will require no testimony.

## LEGAL ANALYSIS

### I. Probable Cause and the Fourth Amendment.

#### A. E-mail Accounts and Expectation of Privacy.

The two search warrants at issue related to Valdivieso's e-mail account are the following:

#### i. Search Warrant of April 12, 2006 for Valdivieso's e-mail address.[3]

A perusal of the sworn statement in support of the warrant regarding the internet address of *valdiviesomd@yahoo. com* evidences that defendant Valdivieso was a physician engaged in the internet prescription of controlled substances, who engaged other physicians, also with physicians' licenses and DEA registrant numbers, in said enterprise. The purpose of the warrant was to obtain information from the e-mail account regarding drug purchasers, Internet Facilitator Centers, physicians engaged in the illegal ordering

---

**3.** Affidavit in support of José L. Pujol, sworn before then Magistrate Judge Gustavo A. Gel- pí on April 12, 2006 under Case No. 06–198M.

of controlled substances over the internet and pharmacies engaged in the illegal distribution of controlled substances.

### ii. Search Warrant of February 6, 2007 for Valdivieso's e-mail address.[4]

■ The sworn statement in support of the warrant regarding the internet address of *valdiviesomd@yahoo.com* seeks the information in regard to wire transfers to other physicians as obtained from a search warrant executed on October 19, 2005. At the time this search warrant was sought on February 6, 2007, a Grand Jury had already found probable cause as to defendant Valdivieso and six other physicians for violations of the Controlled Substance Act and documents had been obtained in the state of Florida after the arrest of defendants.

To assert a right under the Fourth Amendment, a defendant must demonstrate both a subjective expectation of privacy and an expectation that society judges as objectively reasonable. *See Kyllo v. United States*, 533 U.S. 27, 121 S.Ct. 2038, 2042, 150 L.Ed.2d 94 (2001); *Rakas v. Illinois*, 439 U.S. 128, 143 & n. 12, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

■ Insofar as the search regarding the e-mail account of defendant Valdivieso, an expectation of privacy has generally not been found to exist with regard to subscriber information provided by service users to their internet service providers, records on individuals' internet usage or as to communications made on an internet website. Nor, with limited exception, have courts generally found a reasonable expectation of privacy to exist in e-mail or electronic chat-room communications. *See Expectation of Privacy in Internet*, 92 A.L.R.5th 15.[5]

■ Similarly, while individuals generally possess a reasonable expectation of privacy, for Fourth Amendment purposes, in their home computers, they do not enjoy such an expectation of privacy in transmissions over the internet or in e-mail which has already arrived at the recipient. *United States v. Lifshitz*, 369 F.3d 173 (2d Cir.2004); *Konop v. Hawaiian Airlines, Inc.*, 236 F.3d 1035 (9th Cir.2001) (no expectation of privacy attaches to electronic communications made available through facilities readily available to the public); *In re Pharmatrak, Inc. Privacy Litigation*, 220 F.Supp.2d 4 (D.Mass.2002) (holding web-monitoring company's conduct in intercepting internet users' electronic communications with various health—related and medical—related internet websites and sharing of private information about their web browsing habits and confidential health information with defendant pharmaceutical companies fell under the exception from liability under the Stored Wire and Electronic Communications and Transac-

---

4. Affidavit in support of José L. Pujol, sworn before Magistrate Judge Bruce J. McGiverin on February 6, 2007 under Case No. 07–85M.

5. The commentators seem divided on this issue. Compare 1 Wayne R. LaFave *Search & Seizure* § 2.6 (3d. ed. Supp.2001) (concluding that computer users do have a legitimate expectation of privacy in their electronic communications even when the system manager makes backup copies), and Randolph S. Sergent, *Note, A Fourth Amendment Model for Computer Networks and Data Privacy*, 81 Va. L.Rev. 1181, 1201–03 (1995) (same), with *Note, Keeping Secrets in Cyberspace: Establishing Fourth Amendment Protection for Internet Communication*, 100 Harv. L.Rev. 1591, 1602 (1997) (stating that to be eligible for Fourth Amendment protection, a "cyberspace communicator" must "establish privacy vis-à-vis the system administrator and the communication must be hidden with some form of password, or possibly a gateway").

tional Records Act); *United States v. Ginés–Pérez*, 214 F.Supp.2d 205 (D.Puerto Rico 2002) (defendant had no subjective expectation of privacy in photograph placed on the public medium of the internet, society was not prepared to recognize as reasonable any expectation of privacy in information placed on internet, and picture was obviously placed on website for commercial purposes). *See also United States v. Hambrick*, 225 F.3d 656 (4th Cir.2000) (no legitimate expectation of privacy in non-content customer information provided to an internet service provider by one of its customers).

Under the Electronic Communications Privacy Act of 1986, 18 U.S.C.A. § 2703, the government may require an internet service provider to provide stored communications and transactional records if it obtains a warrant issued under the Federal Rules of Criminal Procedure or state equivalent. Although Congress was willing to recognize that individuals have some degree of privacy in the stored data and transactional records that their internet service providers retain, the Act was hardly a legislative determination that this expectation of privacy is one that rises to the level of "reasonably objective" for Fourth Amendment purposes.

Pursuant to the above discussed, defendant Valdivieso falls short of submitting that a privacy right was infringed when the agents retrieved information pursuant to validly obtained search warrants in his e-mail accounts and internet communications in a business venture.

■ Furthermore, probable cause for the search warrant for defendant's Valdivieso's e-mail account need not be tantamount to proof beyond a reasonable doubt; probability is the touchstone. The proba-ble cause standard for issuing search warrants does not require any showing that an officer's belief that evidence will be found in the searched premises be correct or more likely true than false; rather, probable cause to search exists so long as the underlying [6] affidavit contains information showing a fair probability that evidence of a crime would be found there. U.S.C.A. Const. Amend. 4.[7]

Finally, the Court of Appeals for the First Circuit has indicated it will accord "great deference" to a lower court's determinations regarding probable cause. *See United States v. Sawyer*, 144 F.3d 191, 193 (1 Cir.1998); *United States v. Procopio*, 88 F.3d 21, 26 (1st Cir.1996). *See also United States v. Gourde*, 440 F.3d 1065, 1069 (9 Cir.2006) (en banc). Thus, probable cause means a "fair probability" that contraband or evidence is located in a particular place. *Gates*, 462 U.S. at 246, 103 S.Ct. 2317, 76 L.Ed.2d 527; *Gourde*, 440 F.3d at 1069. Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a "commonsense, practical question." *See Gourde*, 440 F.3d at 1069 (citing and quoting *Gates*, 462 U.S. at 230, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527). Neither certainty nor a preponderance of the evidence is required. *Id.* (citing *Gates*, 462 U.S. at 246, 103 S.Ct. 2317, 76 L.Ed.2d 527).

Applying the above to this case, and under the totality of the circumstances, the affidavits in support of the search warrants for the e-mail address of Valdivieso—authorized by two independent Magistrate Judges—provided probable cause to the judicial officers for the existence of information related to the commission of an offense.

---

6. *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

7. *Illinois v. Gates*, 462 U.S. at 238, 103 S.Ct. 2317, 76 L.Ed.2d 527.

### B. Search Warrant for the Valdivieso's Real Estate Property.

The examination of the sworn statement in support of the warrant for the search of the real estate property at Patio Señorial in Ponce [8] makes particular reference to an investigation regarding dispensing and purchasing of controlled substances over the internet by doctor/physician without establishing a *bonafide* doctor/patient relationship. Defendant Valdivieso is described therein as a licensed physician authorized to practice medicine in the Commonwealth of Puerto Rico who authorized and arranged for the distribution of controlled substances in contravention to the Controlled Substance Act and the regulations implementing same as to the parameters of a lawful prescription within the usual course of professional practice.

[A] "probable cause determination may be based in part on reasonable inferences." *Gourde*, 440 F.3d at 1071.

▉ The search of defendant's property and the affidavit in support provided ample information and grounds for a determination that defendant, a licensed physician to practice medicine in the Commonwealth of Puerto Rico and identified with the residence at the second floor apartment at Condominio El Señorial in Ponce, Puerto Rico, held therein laptop computers and business records related to the offense under investigation, illegal prescriptions of controlled substances and conspiracies thereof and conspiracy to commit wire fraud.[9]

The sworn statement in support of the search warrant for the apartment at Ponce made reference to statements made by defendant Valdivieso to the confidential source which were recorded. *Case No. 06–205M, Affidavit* ¶¶ 24–25. The agents interviewed the confidential source regarding the meetings held in said apartment by defendant Valdivieso and other codefendants as to the offense under investigation. The confidential source informed that he visited defendant Valdivieso at his apartment located in Patio Señorial, Apartment 201–E, Ponce, PR where he observed a large amount of documents on top of a desk and a lap top computer, as well as a leather bag containing many documents, which were shown to the confidential source while indicating these documents were related to the many physicians Valdivieso had working for him in his internet enterprise. The confidential source was able to observe the names of some of the physicians, now co-defendants in this case. *Id.* ¶ 26.

Furthermore, statements by co-defendant Plaza Rodríguez identified Valdivieso as having purchased the apartment at Ponce and thereafter, when she went to Ponce from her residence at Dorado, she worked from Valdivieso's apartment. *Id.* ¶ 28. Other statements of co-defendant Plaza Rodríguez show that she worked from one of the rooms in said apartment where her computer was also located.

Additionally, surveillance of the apartment at issue showed that defendant Plaza Rodríguez resided in said apartment with a physician whose name was Alfred Valdivieso Rodríguez, who matched the driver's

---

8. Affidavit in support of Josá L. Pujol, sworn before Magistrate Judge Camille L. Vélez–Rivé on April 19, 2006 under 8 Case No. 06–205M.

9. It should be noted that ¶ 14 of the affidavit in support of the search warrant of the real estate property in Ponce provides affiant had

obtained the certification from the Puerto Rico Board of Medical Examiners informing that Alfred Valdivieso Rodriguez is a licensed physician authorized to practice medicine in the Commonwealth of Puerto Rico. See Case No. 06–205 M.

license photo as the individual leaving the premises. *Id.* ¶ 21. Further investigation of documents submitted by Valdivieso to a car dealership identified himself and the company he works for as "On Line Doctor Consultation" and the source of other income as "sale of prescription drugs and prescriptions through a web-site." *Id.* ¶ 22.

Numerous other references and surveillance by the agents established the link between defendant Valdivieso, his business enterprise, the wire transfers, income derived thereof and the apartment located in Ponce which was object of the search warrant. *Id.* ¶¶ 28–40.

Defendant Valdivieso also provided statements to the confidential source to the effect that he had over ten (10) other physicians prescribing over the internet, who did not have contacts with the patients, and he had been engaged in said business during the last two (2) years. *Case No. 06–205M, Affidavit* ¶¶ 19–20.

■ A warrant application must demonstrate probable cause to believe that: (1) a particular person has committed a crime, *i.e.,* the "commission" element, and (2) enumerated evidence of the offense will be found at the place to be searched, *i.e.,* the "nexus" element. *United States v. Zayas–Diaz,* 95 F.3d 105, 110–11 (1st Cir.1996). In determining the sufficiency of an affidavit supporting a search warrant, courts consider whether the "totality of the circumstances" stated in the affidavit demonstrates probable cause to search the premises. U.S.C.A. Const. Amend. 4; *United States v. Khounsavanh,* 113 F.3d 279, 283 (1st Cir.1997).

Under the totality of the circumstances and, taking into account the confidential informant's observations and the detailed description of the events, corroborated by the surveillance and recordings obtained, the affidavit in support of the search warrant provided probable cause for the existence of the documents and records at the apartment in El Señorial, Ponce, PR which were related to the commission of an offense. *See Cleveland v. United States,* 531 U.S. 12, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000) (business records created several years before search were deemed to have "enduring utility," thus supporting nexus determination). There is no requirement that the belief be shown to be necessarily correct or more likely true than false. *See Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) ("only the probability, and not a *prima facie* showing" is required).

## II. Good Faith Exemption.

■ We must also consider in the instant case the well established doctrine that suppression of evidence is not an appropriate remedy where an officer executes a warrant he reasonably believed to be valid. *See Illinois v. Krull,* 480 U.S. 340, 349–50, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987).

Having the agents who executed the warrant obtained the approval of a detached judicial officer to seize the documents (orders for controlled substances through the internet through the use of wire and mail communications) and business records at the Ponce apartment, they would be covered by the good faith exemption under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *See, e.g., United States v. Owens,* 167 F.3d 739, 744–45 (1st Cir.1999) (bypassing probable cause inquiry and affirming ruling on motion to suppress based on *Leon* ).[10]

---

**10.** *See Leon,* 468 U.S. at 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (holding that evidence seized

in reasonable good-faith reliance on 10 a

In *Leon,* 468 U.S. at 897, the Highest Court held that, in most cases, a warrant's invalidity should not serve to suppress the fruits of the subsequent search when the officer acted in objective good faith in executing the warrant. *Id.* at 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (concluding that "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion"). Accordingly, with limited exception, the exclusionary rule should not apply when police officers reasonably rely in good faith on a warrant that subsequently is determined to be invalid. *Id.* at 923, 104 S.Ct. 3405, 82 L.Ed.2d 677; *United States v. Manning,* 79 F.3d 212, 221 (1st Cir. 1996).

The above exception to the exclusionary rule would not apply, however, if the law enforcement officers acted pursuant to a statute that a reasonable officer should have known was unconstitutional. *See Krull,* 480 U.S. at 355, 107 S.Ct. 1160, 94 L.Ed.2d 364.

Defendant's submission that the Controlled Substance Act should be considered unconstitutional when applied to licensed physicians in his situation is insufficient to find the executing agents lacked the necessary good faith when relying in the authority vested upon them by judicial officers in executing the warrants.

There is no evidence either that law enforcement agents attempted to obtain the warrants through deceit or omission nor that relevant information then available to the agents was omitted from the

warrant application to influence the judicial officers' determination of probable cause for the search. *See United States v. Brunette,* 256 F.3d 14, 19 (1st Cir.2001) (observing that the government faces a "high hurdle" to show good faith where "critical information known to the officer is omitted").

### III. *Franks v. Delaware*[11] and the Right to an Evidentiary Hearing.

■ A Franks hearing is warranted where the defendant makes a "substantial preliminary showing" that (1) a false statement, (2) knowingly and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit, and (3) the allegedly false statement is necessary to the finding of probable cause. *Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667.

■ A hearing will be denied if a defendant has failed to make the requisite substantial preliminary showing that absent the false information the affidavit contained insufficient evidence to support a finding of probable cause. A defendant must be able to clear the reckless disregard hurdle to be entitled to a hearing. *Franks,* 438 U.S. at 171–72, 98 S.Ct. 2674, 57 L.Ed.2d 667. *See United States v. Ranney,* 298 F.3d 74, 78 (1st Cir.2002).

The first omission in the affidavit as argued by defendant Valdivieso is that the affidavit omitted the fact that he is a licensed physician. A mere reading of its content defies this argument since there are numerous reference to the defendants and his cohorts being physicians.[12] The second omission is the lack of reference to

---

search warrant, which is later found defective, may be admitted at trial).

**11.** 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

**12.** This Magistrate Judge's recollection of the events leading to the affidavit signed in support of the warrant is 12 knowing at all times the defendant was indeed a licensed physician in the Commonwealth of Puerto Rico.

the Telemedicine Law of the Commonwealth of Puerto Rico. Still, a law enforcement agent's omission to add legal discussions in a sworn statement should not be reasonably considered as exhibiting a "reckless disregard for the truth," more so when none of the statements contained in the affidavit were argued as being false.

In light of the above discussed, no evidentiary hearing is required since defendants have failed to meet the preliminary showing of *Franks*. No credible evidence has been raised by defendant Valdivieso that, even if taking the omissions as true, the affidavits contained insufficient information to support a finding of probable cause. A thorough analysis of the affidavits show that they contained sufficient information to support a finding of probable cause which in this case was made by three different Magistrate Judges.

## IV. Puerto Rico Telemedicine Law and the Controlled Substance Act.

Since the practice of Telemedicine in the Commonwealth of Puerto Rico does not seem to require a face to face communication or physical examination, defendant Valdivieso contends that regardless whether it is a sound practice of medicine or not, it is one encouraged by state law and cannot be criminalized by the federal government.[13] Defendant Valdivieso also contends the Controlled Substance Act should be deemed unconstitutional as applied to him as a duly licensed physician.

■■ However, medical practitioners may infringe the controlled substance act when they prescribe outside the usual course of medical practice or without a legitimate medical purpose. *United States v. Moore*, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975).[14] Defendant Valdivieso claims to have incorporated to this motion to suppress the facts and allegations in defendants' motion to dismiss (**Docket No. 202**). It seems defendant's motion considers state law allowing a licensed physician to prescribe when physically located in the Commonwealth of Puerto Rico was amended by Law No. 413 of October 9, 2000 and, as such, does not require a patient to be treated, diagnosed, prescribed, among others in Puerto Rico.

Furthermore, defendant Valdivieso submits a recent decision by the Supreme Court of the United States which does not warrant the federal government to review and overrule a state law that defines what a "legitimate medical purpose is". *See Gonzáles v. Oregon*, 546 U.S. 243, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006).[15]

Since the government's position in charging defendant is that he violated the Controlled Substance Act by prescribing controlled substances outside the scope of professional practice and not for a legitimate purpose, as a licensed physician, defendant Valdivieso contends he was duly authorized under the Puerto Rico Telemedicine Law. Thus, being charged by the federal government would amount to mak-

13. Additionally, even if Canon 13 of the Code of Professional Ethics of the Medical Profession in Puerto Rico requires such face to face contact, defendant avers it was adopted prior to the Telemedicine Law and failed to consider the advancement in technologic telecommunications means.

14. The issue in *Moore* was whether a licensed physician who was also registered under the Controlled Substance Act could be prosecuted under section 841 for dispensing or distribut-

ing controlled substances. 423 U.S. at 124, 96 S.Ct. 335.

15. *Gonzáles v. Oregon* evolves as to an assisted suicide in the state being allowed within a reasonable medical judgment versus the U.S. Attorney General's intervention to enact a rule that considered assisted suicide as not a reasonable legitimate medical purpose and applying said federal regulation notwithstanding state law authorizing or permitting such conduct by practitioners and others.

ing such state practice illegal and, thus, unconstitutional when applied to him.

Defendant Valdivieso's submission fails to discuss the medical practice rationale of Congress under the Controlled Substance Act as one which is measured as reasonable in the state within the course of professional practice and done for a legitimate medical purpose. The government is required to establish in its case-in-chief if the actions charged to defendants (including Valdivieso) fall outside the practice of medicine recognized by the state under its police power where the physician is licensed to practice medicine.

Contrary to defendant Valdivieso's assertion that the recent Supreme Court case supports his claim, in *Gonzáles v. Oregon* the Attorney General attempted to establish by regulation the definition as to reasonable practice of medicine not including the acts by a physician allowed by the state for assisted suicide.

In any event, defendants, including Valdivieso, have raised grounds for dismissal of the charges predicated on this state law provisions with further detail in their Motion to Dismiss. Defendants have also requested in regard to dismissal additional time to oppose the government's response and to submit further grounds for their request for dismissal of the offense dealing with controlled substance violations. In all fairness for defendant Valdivieso to have an opportunity to adequately and fully develop this issue, this Magistrate Judge reserves the opportunity for a further and in-depth determination as to defendants' averments regarding their arguments of being allowed to prescribe through the internet relying on state law and as such not being in violation of federal law. The Court will revisit this matter in a separate report and recommendation to be issued on the motion to dismiss when the defendants' request for dismissal, including co-defendant Valdivieso, is properly developed on the record and is deemed submitted.

## CONCLUSION

In view of the foregoing, it is recommended that Motion to Suppress Evidence (**Docket Nos. 205**) be **DENIED**.

**IT IS SO RECOMMENDED.**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").