# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4936

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONOVAN DAVE DIXON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00030-D-1)

Submitted:  December 12, 2019           Decided:  December 20, 2019

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Finnuala K. Tessier, Appellate Section, Criminal Division, U.S. DEPARTMENT OF JUSTICE, Washington, D.C.; Robert J. Higdon, Jr., United States Attorney, Jennifer May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Donovan Dave Dixon of conspiracy to unlawfully dispense and distribute oxycodone, oxymorphone, methadone, and alprazolam, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2018), and unlawfully dispensing and distributing oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). The district court sentenced Dixon to 240 months' imprisonment. On appeal, Dixon contends that the court's jury instructions on the substantive counts were erroneous; that the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801-904 (2018), is void for vagueness as applied to physicians; and that his sentence is procedurally unreasonable. We affirm.

A jury instruction is not erroneous if, "in light of the whole record, [it] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 130 (2018). In reviewing a challenge to the jury instructions, "we do not view a single instruction in isolation," but instead "consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." *United States v. Blankenship*, 846 F.3d 663, 670-71 (4th Cir. 2017) (internal quotation marks omitted).

Where, as here, the defendant failed to object to the district court's jury instructions, we review only for plain error. *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). To succeed on his claim, Dixon "has the burden to show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* If Dixon makes this showing, "we may exercise our discretion to correct the error only if the error seriously

2

affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

We conclude that the district court did not plainly err in instructing the jury. The court's instructions were consistent with our precedents, as well as cases from other Courts of Appeals. *See, e.g.*, *United States v. Schneider*, 704 F.3d 1287, 1296 (10th Cir. 2013); *United States v. Hurwitz*, 459 F.3d 463, 475-77, 479 (4th Cir. 2006); *United States v. Singh*, 54 F.3d 1182, 1187 (4th Cir. 1995); *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1137-39 (4th Cir. 1994); *United States v. Rosen*, 582 F.2d 1032, 1036 (5th Cir. 1978). While Dixon relies on the Supreme Court's decision in *Gonzales v. Oregon*, 546 U.S. 243 (2006), several Courts of Appeals have determined that *Gonzales* imposed no new requirements to establish a violation of the CSA. *See United States v. Volkman*, 797 F.3d 377, 385-86 (6th Cir. 2015) (collecting cases). Accordingly, Dixon cannot establish plain error. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (brackets and internal quotation marks omitted)); *United States v. Rouse*, 362 F.3d 256, 263 (4th Cir. 2004) (recognizing, in the absence of Supreme Court or Fourth Circuit authority, "decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain" (internal quotation marks omitted)). However, even if the district court plainly erred, we conclude that the evidence overwhelmingly established that Dixon's prescription practices were not legitimate. *See United States v. Nicolaou*, 180 F.3d 565, 570 (4th Cir. 1999) (holding, on plain error review, "in order for the defense to establish that the jury misinstruction altered the outcome of the trial, it had

3

to show that the proper instruction, on the same evidence, would have resulted in acquittal, or at the very least a hung jury.").

Dixon also contends that the CSA is unconstitutional as applied to physicians. We review unpreserved constitutional claims for plain error. *United States v. Jackson*, 706 F.3d 264, 270 n.2 (4th Cir. 2013). "We consider whether a statute is vague as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Jaensch*, 665 F.3d 83, 89 (4th Cir. 2011) (brackets and internal quotation marks omitted). Given Dixon's flagrant conduct in this case, we conclude that Dixon cannot establish that the CSA is vague as applied to him. Moreover, we have previously rejected a similar as-applied challenge, as have several other Courts of Appeals. *See, e.g.*, *United States v. Orta-Rosario*, 469 F. App'x 140, 143-44 (4th Cir. 2012) (No. 10-4684); *United States v. Birbragher*, 603 F.3d 478, 488-89 (8th Cir. 2010); *United States v. Lovern*, 590 F.3d 1095, 1103 (10th Cir. 2009); *United States v. DeBoer*, 966 F.2d 1066, 1068-69 (6th Cir. 1992); *United States v. Rosenberg*, 515 F.2d 190, 197-98 (9th Cir. 1975); *United States v. Collier*, 478 F.2d 268, 270-72 (5th Cir. 1973). Thus, Dixon cannot establish plain error. *See Rouse*, 362 F.3d at 263; *see also United States v. Garcia-Lagunas*, 835 F.3d 479, 496 (4th Cir. 2016) (noting that unpublished Fourth Circuit case contradicting appellant's argument "suggests that even if the district court erred, such error was not plain").

Finally, Dixon argues that his sentence is procedurally unreasonable because the district court relied on a clearly erroneous fact—the Government's assertion that Dixon's conduct killed someone. We review a defendant's sentence "under a deferential abuse-of-

4

discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, relied on any clearly erroneous facts, and sufficiently explained the selected sentence. *Id.* at 49-51.

We discern no procedural error. The Government admitted that it did not introduce any evidence in the record specifically linking Dixon to any deaths. However, the expert witness testified that the dosage of oxycodone that Dixon prescribed could have killed an individual who did not have an opioid tolerance. The district court relied on this specific testimony in stating that Dixon's conduct could have resulted in someone dying. While Dixon argues that the fact that his sentence matches the mandatory minimum for a controlled substance offense resulting in death demonstrates the district court was persuaded by the Government's argument, his sentence (within the advisory Guidelines range) was also the statutory maximum sentence on Count 1. Thus, we conclude that the length of Dixon's sentence does not show that his sentence was influenced by the Government's argument.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5